(1) THE CITY OF MILLVILLE ET AL., PROSECUTORS, v. THE BOARD OF EDUCATION OF MILLVILLE AND GEORGE W. SHANER ET AL., DEFENDANTS.

(2) THE CITY OF MILLVILLE ET AL., PROSECUTORS, v. THE BOARD OF EDUCATION, ETC., AND J. HOWARD HUTCHINSON, ET AL., DEFENDANTS.

(3) THE CITY OF MILLVILLE ET AL., PROSECUTORS, v. THE BOARD OF EDUCATION AND JOHN SHEARMAN AND JACKSON ELECTRIC COMPANY, DEFENDANTS.

(4) THE CITY OF MILLVILLE ET AL., PROSECUTORS, v. THE BOARD OF EDUCATION AND JACKSON ELECTRIC COMPANY, DEFENDANTS.

Argued June 23. 1927—Decided June 24, 1927.

**Municipalities—Certiorari—Writ Asked For One Year and Five Months After Resolutions Sought to be Brought up Were Passed—In the Intervening Time Prosecutors Had Pursued, Unsuccessfully, Other Remedies and Defendants Had Brought Suits, Obtained Judgments and in One Instance an Execution—Writs Denied.**

On applications for writs of *certiorari.*

Before Justices TRENCHARD, BLACK and LLOYD.

For the prosecutors, *Louis H. Miller.*

For the board of education, *Walter H. Bacon.*

For the defendant Shaner, *Bleakley, Stockwell & Burling.*

For the defendant Hutchinson, *Bleakley, Stockwell & Burling.*

For the defendant Shearman, *James J. McGoogan.*

For the defendant Jackson Electric Company, *James J. McGoogan.*

PER CURIAM.

The resolutions of the board which the prosecutors seek to bring up were passed one year and five months ago. It was not until about one month ago that applications for writs of *certiorari* was made to a justice of this court and denied. The applications are now made to the court. We feel constrained to think that the applications cannot now be granted without the likelihood of doing a grave injustice to the defendants as well as to public interests. For during this long delay in applying for the writs, the prosecutors have sought and pursued another remedy unsuccessfully, and meanwhile the defendants have brought suits in various jurisdictions and in some cases have judgments, and in one case execution. These intervening circumstances and constant resulting changes in the situation of the parties during this long delay, constitute, in our judgment persuasive reasons of the most substantial character, why we should deny the applications for these writs which rest in the discretion of the court. The writs are denied, but without costs.